UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                        **DECISION AND ORDER**
                                                      22-CR-141S (1)

BRITTANY L. HERBERT and
BRANDIE S. WILLIAMS,

                              Defendants.

        Before this Court are Defendant Brittany L. Herbert's "Affidavit of Disqualification for Appearance of Bias" and "Affidavit of Want of Authority." (Docket Nos. 107, 108.) All requests for relief in each document are denied.

        Defendant Herbert seeks this Court's recusal or disqualification under 28 U.S.C. § 455.[1] Given her pro se status, this Court also considers the motion under 28 U.S.C. § 144. The motion is premised on non-specific, conclusory allegations consistent with the sovereign-citizen sentiments that Defendant Herbert has previously espoused. She alleges, for example, that disqualification is required because this Court is without "Official Bond" to serve as a judge, lacks proper jurisdiction, and has deprived her of due process, liberty, access to the courts, and her constitutional rights. None of these contentions warrant relief.

        Recusal motions are committed to the discretion of the judge whose recusal is sought, who himself is "as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002); see also In re Drexel Burnham Lambert, Inc, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing

---

[1] In the caption of the document, Defendant Herbert also purports to bring her motion under "Rule 2.11" and 26 U.S.C. § 6903. "Rule 2.11" is nowhere mentioned or identified in the motion, so any relief based on this provision is denied. Twenty-six U.S.C. § 6903 is part of the tax code that concerns fiduciary relationships. Since that provision is wholly irrelevant here, any relief based thereon is denied.

1

Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." Drexel, 861 F.2d at 1312. Litigants, after all, are "entitled to an unbiased judge; not to a judge of their choosing." Id.

Recusal motions based on actual bias or prejudice fall under two statutes: 28 U.S.C. §§ 144 and 455 (b)(1). Section 144 requires recusal when a party demonstrates that the judge has "a personal bias or prejudice" against that party or in favor of an adverse party. The moving party must demonstrate bias or prejudice through the filing of a "timely and sufficient affidavit." 28 U.S.C. § 144. "The affidavit must be 'sufficient,' to provide 'fair support' for the charge of partiality." Apple, 829 F.2d at 333 (citing Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam)); see also Hoatson v. New York Archdiocese, No. 05 CIV. 10467 (PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006) ("Affidavits in support of the motions pursuant to §§ 144 and 455 (b)(1) require a factual demonstration of bias, not simply the appearance of impropriety."). If the affidavit sets forth a legally sufficient basis for recusal, another judge must be assigned to resolve the motion. See 28 U.S.C. § 144. But no such forbearance is required where the supporting affidavit is insufficient on its face. See Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam). Whether the affidavit is legally sufficient is determined within the court's discretion. See Apple, 829 F.2d at 333.

Section 455 (b)(1) similarly requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Because §§ 144 and 455 (b)(1) are *in pari materia*, they

2

are construed together in the same manner.  See United States v. Pugliese, 805 F.2d 1117, 1125 (2d Cir. 1986).

Recusal motions based on the broader ground of the *appearance of* partiality fall under 28 U.S.C. § 455 (a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  An objective test applies: the judge must determine "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal."  In Re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted); see also Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003) (finding that whether partiality exists is determined "based on what a reasonable person knowing all the facts would conclude").  But § 455 (a) "does not compel disqualification 'simply on unfounded innuendo concerning the possible partiality of the presiding judge.'"  Cannino v. Barclays Bank, No. 94-Civ-6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (citation omitted).

In assessing these grounds for recusal, the United States Supreme Court has found that "judicial rulings alone almost never constitute a valid basis for bias or partiality motions."  Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).  Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.  Thus, "[r]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to

3

witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." S.E.C. v Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013).

Defendant Herbert's motion fails under these standards. First, her affidavit does not raise a colorable actual bias or prejudice claim under 28 U.S.C. §§ 144 or 455 (b)(1). Each of the allegations concern this Court's official function. None allege a personal bias or prejudice.

Second, setting aside the lack of specificity, Defendant Herbert's official-function allegations are insufficient to require recusal. These allegations—that this Court acted without proper bond or jurisdiction, violated its oath of office, denied due process and constitutional rights, deprived liberty and access to the courts, and failed to comply with legal process—are based entirely on this Court's rulings in this case, which does not give rise to recusal. See Liteky, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for bias or partiality motions"); Razmilovic, 738 F.3d at 29-30 (noting that recusal is not warranted where the challenged conduct pertains to judicial rulings and case administration).

Finally, the only factual allegation asserts that this Court should be disqualified because "RESPONDENT REQUESTED OATH OF OFFICE & DELAGATION OF AUTHORITY OF JUDGE WILLIAM M. SKRETNY, AND HE REFUSED TO PROVIDE IT TO RESPONDENT, WHICH IS REQUIRED BY LAW." See Docket No. 107, ¶ 23. This appears to relate to a previously stricken, irrelevant document asserting civil counterclaims and referencing a purported delegation of authority to this Court from the Secretary of the Treasury. See Docket No. 95 ("Notice of Liability/Mandatory Judicial

4

Notice of Trustee Acknowledgement of Appoint and Description of Equitable Interest"), Docket No. 97 (striking document as entirely irrelevant). Consequently, this allegation provides no cause for recusal.

Accordingly, because Defendant Herbert's "Affidavit of Disqualification for Appearance of Bias" is meritless, all requests for relief contained therein are denied.

Defendant Herbert's "Affidavit of Want of Authority" asserts a frivolous claim that the prosecutors in this action lack authority to represent the United States. It further perpetuates nonsensical civil proceedings of Defendant Herbert's own concoction relating to IRS forms, securities transactions, and extensions of credit. To the extent this document requests any cognizable relief, it is denied.

This Court reiterates to Defendant Herbert that the sovereign-citizen type theories and ideology that she continues to rely on are frivolous, irrational, unintelligible, and ungrounded in American law. See Tyson v. Clifford, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (collecting cases). Once again, this Court strongly encourages Defendant Herbert to turn her focus to meaningful case assessment and trial preparation.

IT HEREBY IS ORDERED, that any and all relief requested in Defendant Herbert's "Affidavit of Disqualification for Appearance of Bias" (Docket No. 107) is DENIED.

FURTHER, that any and all relief requested in Defendant Herbert's "Affidavit of Want of Authority" (Docket No. 108) is DENIED.

FURTHER, that the Clerk of Court is directed to send a copy of this Decision and Order to Defendant Herbert at her address of record.

SO ORDERED.

Dated:   June 13, 2024
         Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
